UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHIRLEY BURNS,

                Plaintiff,

vs.                                Case No. 2:10-cv-573-FtM-29DNF

CITY OF CAPE CORAL,

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #12) filed on November 29, 2010. Defendant filed a response (Doc. #13) on November 30, 2010.

Plaintiff seeks to strike defendant's First, Second, Third, and Fourth Affirmative Defenses. Defendant argues that the motion should be denied because it is untimely and because plaintiff's counsel failed to comply with the "good faith" aspect of M.D. Fla. L.R. 3.01(g). While the motion may have been untimely under Fed. R. Civ. P. 6, it was filed only one day late and defendant did not suffer undue prejudice. Additionally, while plaintiff's counsel failed to comply with the spirit of Rule 3.01(g) by conferring with defendant's counsel just hours before filing the motion, the Court will nevertheless consider the merits.

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted). Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553, 127 S. Ct. 1955 (2007); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608, 2007 WL 2412834 at *3 (S.D. Fla. Aug. 21, 2007).

The four affirmative defenses at issue here assert that Counts I-IV of plaintiff's Complaint fail to state a claim upon which relief may be granted. (Doc. #8, p. 7.) These defenses are, in effect, denials because they allege defects in plaintiff's prima facie case. See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [to] strike the claim, but rather to treat

[it] as a specific denial ." Gonzalez v. Spears Holdings, Inc., 2009 WL 2391233 (S.D. Fla. July 31, 2009)(citing Home Mgmt. Solutions, 2007 WL 2412834 at *3)); Pujals ex rel. v. Garcia, ___ F. Supp. 2d ____, 2011 WL 1134989 at *2 (S.D. Fla. Mar. 28, 2011)(same). Therefore, the Court will treat Defendant's First, Second, Third and Fourth Affirmative Defenses as denials and will not strike them.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #12) is **DENIED**. The Court will construe defendant's First, Second, Third, and Fourth Affirmative Defenses as denials of the respective counts.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record