```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

SHIRLEY BURNS,

                     Plaintiff,

vs.                                   Case No.  2:10-cv-573-FtM-29DNF

CITY OF CAPE CORAL,

                     Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on defendant's Notice of Filing Verified Bill of Costs (Doc. #63) filed on June 15, 2012, and Motion for Award of Attorneys' Fees (Doc. #66) filed on June 27, 2012.  Plaintiff filed a Response to Defendant's Verified Bill of Costs (Doc. #67) and defendant filed a Reply (Doc. #71). Plaintiff also filed a Response to Defendant City of Cape Coral's Motion for Award of Attorneys' Fees (Doc. #75) and defendant filed a Reply (Doc. #79).

**Prevailing Party**

On September 17, 2010, plaintiff filed a Complaint (Doc. #1) and on November 2, 2010, defendant appeared and filed an Answer and Affirmative Defenses (Doc. #8).  The parties did not cooperate in the discovery process but the disputes presented to the Court were determined to be "petty disputes among the parties" and not "true discovery disputes."  (Doc. #25, p. 2.)

On June 13, 2012, the Court issued an Opinion and Order (Doc. #60) granting summary judgment in favor of defendant on all counts for violations of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Judgment (Doc. #62) was entered on the same day against plaintiff. The Court finds that defendant is the prevailing party in this case. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). The appeal remains pending before the Eleventh Circuit Court of Appeals.

**Defendant's Motion for Attorney Fees**

Ordinarily, a prevailing plaintiff is awarded attorney fees in Title VII cases in all but special circumstances. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417 (1978); 42 U.S.C. § 2000e-5(k). A more stringent standard applies however to a prevailing defendant, who may be awarded attorney fees only if the court finds that plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Christiansburg Garment Co., 434 U.S. at 421; Bonner v. Mobile Energy Servs. Co. L.L.C., 246 F.3d 1303, 1304 (11th Cir. 2001).

In Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1188-90 (11th Cir. 1985), the Eleventh Circuit established that this determination is to be made on a case-by-case basis, and identified a non-exhaustive list of factors to be considered: whether (1) plaintiff established a prima facie case; (2) defendant

-2-

offered to settle; and (3) trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). See also Head v. Medford, 62 F.3d 351, 355-56 (11th Cir. 1995). These factors are only general guidelines and not hard and fast rules. Bonner, 246 F.3d at 1305 n.9; Bruce v. City of Gainesville, Ga., 177 F.3d 949, 952 (11th Cir. 1999).

**(1) Title VII Prevailing Party**

Considering the factors in Sullivan, the Court found that plaintiff did not establish a prima facie case at the summary judgment stage. As a result, the case was dismissed just prior to trial. The record reflects no evidence that defendant offered to settle the case. Nonetheless, viewing the evidence in the light most favorable to the non-prevailing party, EEOC v. Pet Inc., Funsten Nut Div., 719 F.2d 383, 384 (11th Cir. 1983), the Court cannot find that the case was frivolous, unreasonable or without foundation.

**(2) Section 1927 and Court's Inherent Authority**

Defendant also seeks attorney's fees under 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The discovery

disputes were clearly not sufficient to require court intervention and the Court did not reach the merits of defendant's motions *in limine* (Docs. ## 50-52, 56) or motion to strike (Doc. #59)[1]. Therefore, the Court declines to find bad faith or vexatious conduct that multiplied the proceedings warranting an award of fees against plaintiff as a sanction.

**Defendant's Bill of Costs**

Defendant seeks $4,816.92.00 in taxable costs pursuant to 28 U.S.C. § 1920.  More specifically, defendant seeks $1,659.80 for plaintiff Shirley Burns, $197.60 for George Burns, and $1,339.95 for the depositions of Jim Burch, Timothy Day, Derrick Donnell, Eric P. Feichthaler, Dolores P. Bertolini, William Deile, Peter Brandt, and Carl Schwing.  Defendant also seeks costs associated with copying costs.  Plaintiff seeks to reduce the costs to $2,570.40.  Plaintiff objects to $430.00 in court reporter attendance fees as non-taxable costs, and to $1,418.07 for copying costs because the costs were made for the convenience of counsel and not necessarily obtained for use in the case.

Certain costs may be taxed against a party including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and

---

[1] Plaintiff admits that various mistakes resulted in listing trial exhibits that were not previously disclosed during discovery, and the inclusion of a damages request in her proposed jury instructions. (Doc. #75, pp. 5-6.) Regardless, the Court finds this insufficient to award sanctions.

the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. While deposition costs for convenience or investigation are not recoverable, deposition costs associated with summary judgment and depositions of deponents listed on the losing party's witness list are recoverable. EEOC v. W&O Inc., 213 F.3d 600, 620-21 (11th Cir. 2000). Costs for charts and exhibits are not taxable, while copying costs are evaluated based on their necessity, including discovery. Id. at 623.

**(1) Depositions**

A review of the docket reflects that the depositions of the individuals were submitted either by both parties in conjunction with summary judgment, or they were listed as potential witnesses on plaintiff's Preliminary Witness List. (See Docs. ## 34, 45, & 58, Attachment 6.) Therefore, the deposition costs are taxable. Defendant has excluded the amount associated with postage and delivery. Plaintiff objects to the attendance fees for the court reporter, $77.20 for exhibits attached to the deposition of Shirley Burns, $39.00 for a CD Depo Litigation Package, and $242.25 for scanned exhibits.

The objection to the deposition costs are overruled in part and sustained in part. The Court finds that the attendance fees of the court reporter are properly taxable as part of the statutory cost of printed or electronic transcripts. The Court further finds

that the $77.20 for exhibits is also appropriately taxed as necessary attachments to the deposition of plaintiff. The Court will however eliminate the other costs as costs for the convenience of counsel. Therefore, **$2,877.10** will be taxed for deposition costs.

**(2) Copying Costs**

Defendant seeks copying costs expended with Copy Right for "documents and a CD produced to opposing counsel in response to Plaintiff's discovery requests", copies reproduced in-house for a "file copy and client copy", and for copying trial exhibits for opposing counsel. (Doc. #63-1.)  Plaintiff objects to all the costs incurred with Copy Right as unsupported and otherwise not necessarily incurred, and half the in-house copying as the additional copy was not necessarily obtained.

Although the Copy Right invoices are unclear, defendant's Itemization provides a sufficient explanation and discovery copies are taxable. The Court will however reduce the amount to eliminate the cost of "scanning", clearly a cost for the convenience of counsel, and the Florida sales tax as a necessary cost of doing business in the state.  As for the in-house production of documents, the Court finds that the costs are appropriate. Therefore, the objections are overruled and sustained in part, and plaintiff will be taxed copying costs in the amount of **$1,249.40.**

Accordingly, it is now

**ORDERED:**

1. Defendant's Verified Bill of Costs (Doc. #63), construed as a motion to tax costs, is **GRANTED IN PART AND DENIED IN PART**. Costs in the amount of **$4,126.50** ($2,877.10 + $1,249.40) are taxed against plaintiff and deemed included in the judgment.

2. Defendant's Motion for Award of Attorneys' Fees (Doc. #66) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of November, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record